UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHRISTOPHER DEWAYNE HOLT,    )
                             )
            Plaintiff,       )
                             )
        v.                   )    No. 1:16-CV-15-SNLJ
                             )
UNKNOWN ALLEN, et al.,       )
                             )
            Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Christopher Dewayne Holt (registration no. 1111452) for leave to commence this action without payment of the required filing fee [Doc. #2]. After reviewing plaintiff's financial information, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $1.18, which is twenty percent of plaintiff's average monthly deposit. Furthermore, based upon a review of the complaint [Doc. #1], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for monetary relief based on alleged constitutional violations he sustained while detained at the Dunklin County Jail. Named as defendants are Unknown Allen (Correctional Officer) and Unknown Dillan (Correctional Officer). Plaintiff alleges that on August 13, 2015, he was on suicide watch in a padded cell, when defendants brought another inmate into the cell. Plaintiff states that he told defendants they cannot place another inmate in his cell. In response, defendants proceeded to strip the second inmate of all his clothes and then punched plaintiff in the mouth. Plaintiff claims that "it is not legal or logical to put two such offenders naked in this situation."

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against

3

defendants Allen and Dillan in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.18 within thirty (30) days from the date of this Order. Plaintiff is

instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of January, 2016.

_____
**UNITED STATES DISTRICT JUDGE**